UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 20-50-HRW

STUART KRIS ALLEN,                                                                            PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,                                     DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on March 6, 2017, alleging disability beginning on January 10, 2017[1] due to arthritis in back and neck, bulging disc, herniated disc, back spasms, high blood pressure, anxiety, and depression. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Melinda Wells (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Anthony T.

---

1 Plaintiff previously applied for DIB and was denied by a decision dated January 9, 2017. As such, Plaintiff cannot not claim benefits before January 10, 2017, pursuant to 20 C.F.R. § 404.981. In addition, Plaintiff had insured status, per 20 C.F.R. §§ 404.131(a), 404.320(b)(2), through December 31, 2018 (Tr. 15, 224, 228). Hence, Plaintiff had to establish that he became disabled between January 9, 2017 and December 31, 2018.

Michael, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:   If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 46 years old at the time of the hearing decision.   He has a high school education as well as certification as a carpenter/laborer.   His past relevant work experience consists of work as a rock truck driver.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 10, 2017, the date he alleges he became disabled through December 31, 2019, his date last insured.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the cervical and lumbar spine and osteoarthritis, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except he could stand and/or walk only 30 minutes at a time before having to sit, and sit for 30 minutes at a time before having to stand; and he could reach overhead only occasionally and reach in all other directions and handle objects frequently.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

      **B.**      **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ adopted the RFC from a prior decision, even though his condition had changed; (2) the ALJ failed to give adequate reasons for discounting the opinion of his treating surgeon, John Gilbert, M.D. and placed inappropriate weight on the opinion of Douglas Black, M.D., a state agency physician; and (3) the ALJ did not find his mental impairments to be severe at Step 2.

      **C.**      **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ adopted the RFC from a prior decision, even though his condition had changed. Specifically, he claims that the RFC must be flawed because he was involved in car accident which resulted in musculoskeletal injury and he underwent a heart catheterization and stent subsequent to the prior hearing decision.

ALJ Wells did, in fact, adopt the RFC of the prior unfavorable decision. Yet, contrary to Plaintiff's assertion, she did so after a discussion of the medical evidence, including the evidence put into the record after the prior decision was rendered. Indeed, she specifically discussed the car accident and further discussed that it did not have a lasting impact on Plaintiff's functioning.

For example, the ALJ noted that although Plaintiff's post-accident treatment providers recommended physical therapy as well as a cervical spine fusion, followed by a lumbar spine fusion. But, as the ALJ also noted, Plaintiff did not pursue those treatments, implying that he did not need them. In addition, by March 2018, imaging of Plaintiff's spine showed straightening of the cervical spine with only some residual injury effects and unremarkable thoracic spine imaging.  The lack of actual treatment and the mostly normal imaging detract from Plaintiff's claim that his condition had "dramatically changed" after the accident.

With regard to the catherization and stent, again, the ALJ considered both and found that neither resulted in significant work-related limitations.

It is clear that ALJ Wells did not simply "cut and paste" the prior RFC but, rather, adopted after it after a "fresh look" at the record, including the evidence generated after the prior decision was reached. The Court notes that an ALJ is not prohibited from considering and even adopting a prior decision if that decision remains persuasive and valid. *See Earley v. Comm'r of Soc. Sec*, 893 F.3d 929, 933 (6th Cir. 2018). Such is the case here. The Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ failed to give adequate reasons for discounting the opinion of his treating surgeon, John Gilbert, M.D. and placed inappropriate weight on the opinion of Douglas Black, M.D., a state agency physician.

For claims filed prior to March 2017, treating-source opinions are be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner

does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, id., as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. *Id.* The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id. See generally, Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Dr. Gilbert completed a medical statement, opining that Plaintiff cannot stand and/or walk 30 minutes at a time and sit 30 minutes at a time. (Tr. 949, 950, 970). He further opined that Plaintiff required a back brace, TENS unit, and cane. Dr. Gilbert stated that Plaintiff is "occupationally disabled at this point and is likely for foreseeable future." *Id.*

The ALJ gave adequate reasons for discounting this opinion of extreme physical limitation. First, the medical source statement was of the "check-the-box-variety," with no reference to supporting diagnostic testing, treatment notes or other corroborating evidence. Further, the record contains only two treatment notes from Dr. Gilbert, which does not present the type of long-term relationship envisioned by the treating-source rule. *See* 20 C.F.R. § 404.1527(c)(2) (an ALJ will consider whether a medical source sees a claimant at the expected intervals and expected frequency during which the source could form a longitudinal picture of the claimant's condition). Finally, the second treatment note, which suggests that Plaintiff's condition was worsening, is dated January 2019, about a month **after** Plaintiff became ineligible for DIB. As such, it is arguably irrelevant.

As for Dr. Gilbert's opinion that Plaintiff is "occupationally disabled," the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make

6

the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where there is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. See *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

The Court finds that the ALJ gave adequate reasons for discounting Dr. Gilbert's opinion.

Plaintiff next argues that the ALJ gave too much weight to the opinion of state agency physician Dr. Black. He maintains that because Dr. Black's assessment of the evidence occurred three months before the car accident, it is invalid.

Plaintiff's argument suggests that the ALJ adopted Dr. Black's opinion without putting it into context and without considering it along with the other medical evidence in the record. A review of the decision reveals that the ALJ reviewed **all** the evidence in the record, both pre and post-accident. After doing so, she arrived at the conclusion that Dr. Black's opinion was supported by the record as a whole. The Court finds no error in this regard.

Finally, Plaintiff claims that the ALJ erred at Step 2 because he did not find his mental impairments to be severe. Therefore, Plaintiff contends that the hypothetical posed to the VE did not accurately describe Plaintiff's impairments and, as such, the responses thereto is not substantial evidence which supports the ALJ decision.

Step two essentially operates as a screening device used to eliminate groundless disability claims—i.e., claims where there are no medically determinable severe impairments present. A "medically determinable impairment" is one that results from abnormalities that can be shown by medically acceptable diagnostic techniques. 20 C.F.R. § 404.1521. An impairment is "severe" if it significantly limits the ability to do basic work activities. *Id*. at § 404.1522. So long as there is

at least one medically determinable, severe impairment, the claim survives and the adjudicators must consider all medically determinable impairments, severe and non-severe, thereafter. *See, e.g.*, 20 C.F.R. § 404.1545(a)(1) (severe and non-severe impairments considered when assessing residual functional capacity). Thus, the failure to find a particular medically determinable impairment severe at step two is usually not reversible error. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (unpublished). Consequently, the relevant question in such cases is whether the health conditions at issue resulted in additional functional limitations—beyond those considered by the ALJ—that would further erode the claimant's RFC and ability to perform work, so as to alter the outcome of the case. Here, the answer to that question is no. There is ample evidence in the record that Plaintiff had only "mild" limitations in mental functioning; not the moderate or severe impairment which would restrict Plaintiff's ability to perform work-related activity.

  To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

  Finally, Plaintiff maintains that the hypothetical questions posed to the VE in this case

did not accurately describe his limitations and, as such, the response thereto cannot be considered substantial evidence. The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony is supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of July 2021.



**Signed By:**
**Henry R Wilhoit Jr.**
**United States District Judge**